UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET S.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SERGIO ALBARRAN, et al.,<br><br>　　　　Respondents. | No. 1:26-cv-00183-TLN-DMC<br><br>**ORDER** |

On January 12, 2026, the Court granted Petitioner Harmeet S.'s ("Petitioner") Motion for a Temporary Restraining Order ("TRO") and ordered Respondents to show cause why a preliminary injunction should not issue. (ECF No. 4.) On January 21, 2026, Respondents filed a response. (ECF No. 10.) Petitioner filed a reply on January 23, 2026. (ECF N. 11.) For the reasons set forth below, the Court issues the following preliminary injunction.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

Petitioner is twenty-one-years-old and is a native and citizen of India. (ECF No. 1 at 4.) Petitioner entered the United States on or about August 14, 2022. (*Id.*) On September 16, 2022,

---

[1] Respondents do not dispute the facts provided by Petitioner and set forth in this Court's prior order. (*See generally* ECF No. 10.) As such, these facts are reiterated almost verbatim here for clarity.

1

1  Petitioner was released as a minor by the Office of Refugee Resettlement ("ORR") pursuant to
2  section 462 of the Homeland Security Act of 2002 and section 235 of the William Wilberforce
3  Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA").  (ECF No. 1-3 at 2.)
4         Petitioner has applied for an I-360 petition for Special Immigrant Juvenile Status and has
5  filed an application for asylum and withholding of removal and protection under the Convention
6  Against Torture.  (*Id.* at 4–5, 13.)  These proceedings remain pending.  (*Id.*)  Petitioner's master
7  hearing is scheduled for February 11, 2026.  (*Id.* at 6.)
8         On September 30, 2025, Petitioner was enrolled in the Alternatives to Detention ("ATD")
9  program administered by the U.S. Department of Homeland Security ("DHS").  (ECF No. 2-2 at
10 4; ECF No. 1-3 at 12.)  In the weeks leading up to his detention, Petitioner attempted to upload a
11 required photograph to the mobile application used for the ATD program but was unable to do so
12 due to a system error message.  (ECF No. 2-2 at 4–5.)  Petitioner immediately contacted the
13 application's support system to report the issue and was informed the application was undergoing
14 an update and other participants were experiencing the same issue.  (*Id.* at 5.)  Petitioner was told
15 the failed submission would not be considered a violation and he could upload his photograph
16 once the update was resolved.  (*Id.*)  Petitioner later successfully updated his photograph.  (*Id.*)
17        On November 26, 2025, Petitioner appeared for an in-person check-in with U.S.
18 Immigration and Customs Enforcement ("ICE").  (ECF No. 2-2 at 4.)  Petitioner was detained
19 without notice or explanation of any alleged violation.  (*Id.*)
20        Petitioner has been detained at the California City Corrections Center without a bond
21 hearing for over a month.  (*Id.*; ECF No. 1 at 2, 6.)  Petitioner states he has no criminal history,
22 has complied with all the requirements imposed upon him, including electronic check-ins and
23 attendance at immigration court hearings.  (ECF No. 1 at 4.)
24        On January 12, 2025, Petitioner filed a writ of habeas corpus.  (*See generally id.*)  The
25 same day, Petitioner filed a TRO challenging the constitutionality of his detention and seeking
26 immediate release.  (ECF No. 2.)  The Court granted Petitioner's TRO on January 12, 2026 and
27 now considers whether a preliminary injunction should issue.
28 ///

## II.   STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*  Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

## III.   ANALYSIS

This Court previously found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO.  (ECF No. 4.)  Specifically, the Court found Petitioner had established a likelihood of success on his claim that his detention violated the Fifth Amendment Due Process Clause.  (*See generally id.*)

Now, in response to the Order to Show Cause, Respondents argue this Court should not grant a preliminary injunction because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") and does not have a liberty interest.  (ECF No. 10 at 1–2.)  In response, Petitioner argues Respondents' position has been repeatedly rejected by this Court and others. (ECF No. 11 at 1.)  Indeed it has.  As this Court has already found repeatedly, Respondents' legal position that noncitizens like Petitioner are subject to mandatory detention under § 1225(b) is incorrect.  *See F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *5 (E.D. Cal. Dec. 9, 2025) (rejecting respondents' position that petitioner was not

3

protected under the TVPRA and was instead subject to mandatory detention under § 1225(b)(2)). Absent any new argument, case law, or distinguishable facts, this Court will not reconsider its position.

As this Court held previously, and is worth reiterating here, Petitioner gained a liberty interest in his continued freedom when he was released as a minor under the TVPRA on September 16, 2022. Under *Morrisey*, this release implied a promise that he would not be re-detained, during the pendency of his immigration proceedings, if he abided by the terms of his release. Petitioner states he has complied with all the conditions of his release, he has no criminal record, and upon his detention, ICE proffered no reason for the revocation of his release. (ECF No. 2-2 at 4.) Moreover, for approximately three years, Petitioner lived continuously in the United States and developed strong ties to his local community. (ECF No. 2-2 at 20; ECF No. 1-3 at 23–24 (character reference letters, including letter from fiancé).) Respondents do not contest this. (*See generally* ECF No. 10.) As such, the Court finds no reason to deviate from its prior conclusion that Petitioner has sufficiently established he is likely to succeed on his Fifth Amendment Due Process claim and incorporates its prior analysis here.

Finally, Respondents do not challenge Petitioner's arguments as to the remaining *Winter* factors for irreparable harm, balance of equities, and public interest. Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court again incorporates its reasoning from the TRO on these remaining factors. (*See* ECF No. 4 at 6–7.)

### IV.  CONCLUSION

In sum, to prevent further irreparable harm, the Court issues a PRELIMINARY INJUNCTION as set forth below:

1. Respondents are ENJOINED AND RESTRAINED from imposing any additional restrictions on Petitioner Harmeet S. unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

///

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.

3. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

4. This matter is referred back to the United States Magistrate Judge for a determination on the merits.

IT IS SO ORDERED.

Date: January 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE