UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARMEET S.,

Petitioner,

v.

SERGIO ALBARRAN, et. al.,

Respondents.

No. 1:26-cv-00183-TLN-DMC-HC

FINDINGS AND RECCOMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained and released on an order of recognizance by Department of Homeland Security on August 14, 2022. See ECF No. 1, pg. 4. Petitioner asserts he was denied due process when he was re-detained on November 26, 2025, without notice or a pre-deprivation bond hearing. See id. at 5. On January 12, 2026, the Court granted Petitioner's motion for a temporary restraining order. See ECF No. 4. The Court ordered:

> Respondents must IMMEDIATELY RELEASE Petitioner HARMEET S. from custody under the same conditions as he was released previously, prior to his November 26, 2025 detention. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-

> deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.

Id.

Additionally, the District Judge ordered Respondents to show cause why the Court should not issue a preliminary injunction continuing the order. See id. Respondents filed a joint opposition to the preliminary injunction and a request to deny the Petition for Writ of Habeas Corpus. See ECF No. 10. On January 26, 2026, the Court ordered:

> Respondents are ENJOINED AND RESTRAINED from imposing any additional restrictions on Petitioner Harmeet S. unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where theGovernment shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.

ECF No. 12.

The matter was referred to the undersigned for further proceedings. The Court ordered Respondents to file supplemental briefing. See ECF No. 15. Respondents filed their supplemental response and a motion to dismiss. See ECF No. 16. Respondents request that, if the Court issues a permanent injunction, such injunction "permit the government to detain Petitioner for the purpose of executing any final order of removal, should one become available." Id. at 3. Further, Respondents argue the petition is moot as Petitioner has been released. See id. at 3-4.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 12, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.

Additionally, the undersigned finds Petitioner's release from detention does not render this action moot. See Cruz v. Lyons, 2025 U.S. Dist. LEXIS 234185, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). The order granting the temporary restraining order did not adjudicate petitioner's 28 U.S.C. § 2241 petition on the merits. See id. A habeas petition is not moot where preliminary relief is not made permanent. See id. (citing Nielsen v. Preap, 586 U.S. 392, 403, 139 S. Ct. 954, 203 L. Ed. 2d 333 (2019) (plurality) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction as made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention."). "If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief." Im v. Semaia, 2026 U.S. Dist. LEXIS 13231, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026). Indeed, Respondents' request that the Court add certain language if a permanent injunction is granted indicates that the preliminary relief provided to Petitioner is not a complete resolution of the petition or issues.

As to the language requested, the undersigned finds that such language is not necessary as the findings herein address Petitioner's current situation and posture within the immigration statute. The relief recommended does not limit nor address Respondents' authority to detain Petitioner should Petitioner be subject to a final order of removal. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the motion to dismiss, ECF No. 16, be denied, and the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see

also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE